UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                     :
HILDENE OPPORTUNITIES MASTER FUND, LTD.,                             :
BRETT JEFFERSON and JASON SPEAR, as trustees for                    :
the Hildene Capital Management Pension Plan, and                    :
MEMBRES, LLC,                                                        :
                                                                     :
                                        Plaintiffs,                 :
                                                                     :
                  - against -                                       :     No. 18-cv-08768-NRB
                                                                     :
THE BANK OF NEW YORK MELLON,                                        :     ANSWER AND COUNTERCLAIM
                                                                     :
                                        Defendant.                  :
                                                                     :
------------------------------------------------------------------- X
                                                                     :
THE BANK OF NEW YORK MELLON,                                        :
solely as Indenture Trustee,                                        :
                                                                     :
              Defendant and Counterclaim Plaintiff,                :
                                                                     :
                  - against -                                       :
                                                                     :
HILDENE OPPORTUNITIES MASTER FUND, LTD.,                             :
BRETT JEFFERSON and JASON SPEAR, as trustees for                    :
the Hildene Capital Management Pension Plan, and                    :
MEMBRES, LLC,                                                        :
                                                                     :
              Plaintiffs and Counterclaim Defendants.              :
                                                                     :
------------------------------------------------------------------- X

Defendant The Bank of New York Mellon (formerly The Bank of New York),

solely in its capacity as Indenture Trustee (the "Trustee") under the Indenture among Preferred

Term Securities XIV, Ltd. as Issuer (the "Issuer"), Preferred Term Securities XIV, Inc. as Co-

Issuer (the "Co-Issuer"), and the Trustee dated as of June 17, 2004 (the "Indenture"), for its

Answer and Counterclaim for interpleader in this action, alleges and states that it:

Nature of the Action

1.    Denies the allegations in paragraph 1 of the Complaint, except admits that the issuance of, collateral for, and repayment or redemption of, the Notes are subject to the Indenture, and otherwise refers to the Indenture for its terms.  A true and complete copy of the Indenture is attached as Exhibit A to this Answer and Counterclaim.  All capitalized terms not otherwise defined in this Answer and Counterclaim have the meanings given to them in the Indenture.

2.    Denies the allegations of paragraph 2 of the Complaint, except admits that the Trustee conducted a successful auction as described in the Notice of Successful Auction and Redemption of Notes dated February 9, 2018, admits that Plaintiffs purport to bring this action for the purposes alleged, and otherwise refers to the Indenture and to the Notice of Successful Auction and Redemption of Notes for their terms.  A true and complete copy of the Notice of Successful Auction and Redemption of Notes is attached as Exhibit B to this Answer and Counterclaim.

The Parties

3.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, except admits on information and belief that Hildene Opportunities Master Fund, Ltd. is a limited liability company organized under the laws of the Cayman Islands with its principal place of business outside the State of New York.

4.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits on information and belief that Brett Jefferson is a citizen of the territory of the Virgin Islands of the United States.

5.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except admits on information and belief that Jason Spear is a citizen of the State of Connecticut.

6.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admits on information and belief that Membres, LLC is a limited liability company organized under the laws of the State of Texas.

7.    Admits the allegations in paragraph 7 of the Complaint.

<u>Jurisdiction and Venue</u>

8.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admits that the funds that are the subject of this action exceed $75,000, exclusive of interest and costs.

9.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because the property that is the subject of the Complaint and of the Counterclaim for Interpleader is situated in this District and because the Trustee resides in this District.

10.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and refers to the Indenture for its terms.

11.    Denies the allegations in paragraph 11 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs are Holders of Income Notes.

12.    Denies the allegations in paragraph 12 of the Complaint, except admits that priority of payment provisions are often referred to as "waterfalls", and otherwise refers to the Indenture for its terms.

13.     Denies the allegations in paragraph 13 of the Complaint and refers to the Indenture for its terms.

14.     Denies the allegations in paragraph 14 of the Complaint and refers to the Indenture for its terms.

15.     Denies the allegations in paragraph 15 of the Complaint and refers to the Indenture for its terms.

16.     Denies the allegations in paragraph 16 of the Complaint and refers to the Indenture for its terms.

17.     Denies the allegations in paragraph 17 of the Complaint and refers to the Indenture for its terms.

18.     Denies the allegations in paragraph 18 of the Complaint and refers to the Indenture for its terms.

19.     Denies the allegations in paragraph 19 of the Complaint, except admits that on or about March 20, 2018, the Issuer delivered to the Trustee an Issuer Order—Total Reserve Amount (the "Issuer Order") directing the Trustee to hold back from distribution of proceeds of the successful auction $20,604,435.00 as a Total Reserve Amount (the "Reserve"), admits that on or about March 26, 2018 the Trustee issued to Noteholders a Notice of Reserve in Connection with Redemption of Notes disclosing that the Issuer had directed the Trustee to reserve and hold back the Reserve, and otherwise refers to the Indenture, the Notice of Successful Auction and Redemption of Notes, the Issuer Order, and the Notice of Reserve in Connection with Redemption of Notes for their terms.  True and complete copies of the Issuer Order and of the Notice of Reserve in Connection with Redemption of Notes are attached as Exhibits E and F respectively to this Answer and Counterclaim.

20.     Denies the allegations in paragraph 20 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

21.     Denies the allegations in paragraph 21 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

22.     Denies the allegations in paragraph 22 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

23.     Denies the allegations in paragraph 23 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

24.     Denies the allegations in paragraph 24 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

25.     Denies the allegations in paragraph 25 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

26.     Denies the allegations in paragraph 26 of the Complaint and refers to the Issuer Order and the Indenture for their terms.

27.     Denies the allegations in paragraph 27 of the Complaint and refers to the Indenture and the Notice of Successful Auction and Redemption of Notes for their terms.

28.     Denies the allegations in paragraph 28 of the Complaint and refers to a letter dated July 2, 2018 from counsel for Plaintiffs, at that time representing Hildene Capital Management, LLC (the "Hildene Capital Management Letter") for its terms.  A true and complete copy of the Hildene Capital Management Letter is attached as Exhibit G to this Answer and Counterclaim.

29.     Denies the allegations in paragraph 29 of the Complaint and refers to the letter dated August 7, 2018 from counsel for the Trustee in response to the Hildene Capital

Management Letter (the "Trustee Response Letter") for its terms. A true and complete copy of the Trustee Response Letter is attached as Exhibit I to this Answer and Counterclaim.

30. Admits that a dispute exists between the parties with respect to rights under the Indenture, but denies the allegations in paragraph 30 of the Complaint to the extent they suggest that only the parties named in the Complaint have an interest in such dispute.

<u>Causes of Action</u>

COUNT I
(Declaratory Judgment)

31. Repeats and realleges its answers to the allegations in paragraphs 1 through 30 of the Complaint as its answer to the allegations in paragraph 31 of the Complaint.

32. Admits that a controversy exists between the parties with respect to the current disposition of the remaining auction proceeds alleged in paragraph 32 of the Complaint, but otherwise denies the allegations in such paragraph to the extent they suggest that only the parties named in the Complaint have an interest in the current disposition of such proceeds.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies that the Trustee was required not to comply with the Issuer Order, states that the remaining allegations in paragraph 34 of the Complaint are legal argument to which no answer is required, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

35. States that the allegations in paragraph 35 of the Complaint are legal argument to which no answer is required, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

Affirmative Defenses

FIRST AFFIRMATIVE DEFENSE

36.    Plaintiffs have failed to join all parties required to be joined in their claims.

SECOND AFFIRMATIVE DEFENSE

37.    Plaintiffs have failed to state the names known to them of persons required to be joined but not joined by them in their claim.

THIRD AFFIRMATIVE DEFENSE

38.    To the extent that Plaintiffs seek to litigate their claim in such a way as to conflict with the counterclaim for interpleader pleaded by the Trustee, Plaintiffs' claim should be enjoined pursuant to 28 U.S.C. § 2361.

Counterclaim
(FOR INTERPLEADER)

The Trustee, for its counterclaim in this action, alleges and states that:

Background

39.    This is an interpleader counterclaim to resolve competing claims over rights to certain funds remaining from the sale of collateral from a collateralized debt obligation ("CDO").

40.    PreTSL is an acronym for the phrase "Preferred Term Securities, Ltd."

41.    PreTSL became the brand name for a type of CDO created in part by the investment banking firm of Keefe, Bruyette and Woods, Inc. ("KBW").

42.    Like most CDOs, PreTSLs involved the pooling of debt securities as collateral and the issuance of different classes of notes backed by that collateral pursuant to a trust indenture.

43.     Unlike most CDOs, PreTSLs included as a principal element of their collateral "preferred trust securities", a type of capital security typically issued by smaller banks and bank holding companies, often with the assistance of KBW.

44.     KBW structured some 28 different PreTSLs between September 7, 2000 and November 8, 2007, labeling each one with consecutive Roman numerals.

45.     This action and this counterclaim concern the PreTSL XIV CDO.

<u>The Notes</u>

46.     On or about June 17, 2004, the Issuer and the Co-Issuer for PreTSL XIV issued six classes of Notes, and the Issuer issued an additional seventh class of Notes, all pursuant to the Indenture attached as Exhibit A.

47.     The seven classes of Notes issued pursuant to the Indenture were the Class A-1 Senior Notes, the Class A-2 Senior Notes, the Class B-1 Mezzanine Notes, the Class B-2 Mezzanine Notes, the Class B-3 Mezzanine Notes, the Class C Mezzanine Notes, and the Income Notes.

48.     The Income Notes, issued by the Issuer alone, were the lowest in priority of payment of the Notes.

49.     The Collateral for the payment of the Notes consisted principally of Capital Securities such as preferred trust securities, secondary market trust securities, and Subordinated Debentures.

<u>The Auction and Note Redemptions</u>

50.     Pursuant to Section 2.18 of the Indenture, beginning ten years after the Notes were issued, the Trustee was, subject to certain conditions, required to conduct an auction for all the Capital Securities once each defined fiscal quarter.

51.     If, in response to any auction, the Trustee was able to obtain a Minimum Bid Price sufficient to pay off all the Senior Notes, all the Mezzanine Notes, and certain defined expenses, the Trustee was required to sell the Capital Securities and redeem the Senior Notes and the Mezzanine Notes.

52.     On or about February 1, 2018, the Trustee conducted an auction for all the Capital Securities, receiving winning bids on an asset-by-assets basis from multiple bidders that, collectively, exceeded the Minimum Bid Price, as explained in the Notice of Successful Auction and Redemption of Notes attached as Exhibit B.

53.     On or about March 26, 2018, pursuant to Section 2.18 of the Indenture, the Trustee redeemed all the outstanding Senior Notes and all the outstanding Mezzanine Notes with proceeds from the auction.

54.     On or about March 26, 2018, the Trustee also made a distribution of $1,024,727.99 to Holders of Income Notes.

<u>The Tennessee Litigation</u>

55.     On or about September 15, 2011, an alleged purchaser of certain PreTSL notes sued various defendants, including the Issuer, the Co-Issuer, and KBW, in the Circuit Court of the State of Tennessee, Knox County, in an action entitled *First Community Bank, N.A. v. First Tennessee Bank, N.A., et al.*, Case No. 3-475-11 (the "Tennessee Action").

56.     Among other things, the plaintiff in the Tennessee action asserted claims for fraud and damages arising out of the purchase of some PreTSL XIV Class B-1 Mezzanine Notes.

57.     The Trustee was not sued in the Tennessee Action.

58.     Upon information and belief, the Tennessee Action is still ongoing.

<u>The New York Litigation</u>

59.    On or about September 14, 2017, KBW sued various defendants, including the Issuer and the Co-Issuer, in the Supreme Court of the State of New York, New York County, in an action entitled *Keefe, Bruyette & Woods, Inc. v. Preferred Term Securities X, Inc., et al.*, Index No. 655858/2017 (the "New York Action").

60.    Among other things, KBW asserted claims in the New York Action for indemnity with respect to the claims made against KBW in the Tennessee Action concerning the PreTSL XIV Class B-1 Mezzanine Notes.

61.    The Trustee was not sued in the New York Action.

62.    Upon information and belief, the New York Action is still ongoing.

<u>The Reserve and the Dispute Over It</u>

63.    On or about March 2, 2018, following the successful auction of the Capital Securities by the Trustee, but before the redemption of the Senior Notes and the Mezzanine Notes, KBW demanded in a letter of that date that the Issuer, the Co-Issuer, and the Trustee hold back $14,886,379.80 of the proceeds of the auction as a reserve for KBW's claims for indemnity against the Issuer and the Co-Issuer in the New York Action pursuant to a certain Private Placement Agency Agreement between KBW, the Issuer, and the Co-Issuer dated June 17, 2004, which claims KBW further asserted were liabilities and expenses of the Issuer and Co-Issuer that required the Trustee to set aside funds in a special account pursuant to the Indenture to cover such liabilities or expenses.  A true and complete copy of that March 2, 2018 letter is attached as Exhibit C to this Answer and Counterclaim.

64.    On or about March 5, 2018, following the successful auction of the Capital Securities by the Trustee, but before the redemption of the Senior Notes and the Mezzanine Notes, KBW demanded in a letter of that date (the "KBW Demand Letter") that the Trustee hold

back $14,886,379.80 of the proceeds of the auction as a reserve for KBW's claims against the Issuer and the Co-Issuer, thus asserting a priority of payment over the holders of Income Notes. A true and complete copy of the KBW Demand Letter is attached as Exhibit D to this Answer and Counterclaim.

65.     On or about March 20, 2018, following the successful auction of the Capital Securities by the Trustee, but before the redemption of the Senior Notes and the Mezzanine Notes, the Issuer delivered to the Trustee the Issuer Order attached as Exhibit E, directing the Trustee to hold back from the proceeds of the auction $20,604,435.00 as the Issuer's estimate of the fees, expenses, and other amounts that might become payable or be incurred by or on behalf of the Issuer or the Trustee as a result of the Tennessee Action and the New York Action.

66.     On or about March 26, 2018, concurrent with the redemption of all the Senior Notes and all the Mezzanine Notes, the Trustee sent to all Holders the Notice of Reserve in Connection with Redemption of Notes attached as Exhibit F, indicating that the Trustee had withheld $20,604,435.00 as the Reserve (also sometimes referred to as the "holdback") from the proceeds of the auction as directed by the Issuer in the Issuer Order.

67.     As a result of the Reserve, certain amounts that might otherwise have been paid to Holders of Income Notes were not paid to them on March 26, 2018.

68.     On or about July 2, 2018, the Hildene Capital Management letter attached as Exhibit G was sent to the Trustee, the Issuer, and the Co-Issuer arguing that an Event of Default had occurred pursuant to Section 5.1(v) of the Indenture on account of an alleged failure to comply with Section 8.4 of the Indenture, and that the Reserve also violated Section 11.10 of the Indenture.

69.     The Hildene Capital Management Letter sought to direct the Trustee, pursuant to Section 5.11 of the Indenture, to release the Reserve and distribute it immediately in accordance with the Priority of Payments in Section 8.4(A) of the Indenture, including making additional distributions to Holders of the Income Notes without regard to the KBW Demand Letter or the Issuer Order.

70.     On or about July 30, 2018, counsel for the Issuer and the Co-Issuer sent a letter of that date to counsel for Hildene Capital Management, LLC, with a copy to counsel for the Trustee, asserting that the Hildene Capital Management Letter was incorrect, both in its claim of an Event of Default and its demand for a release of the Reserve.  A true and complete copy of that July 30, 2018 letter is attached as Exhibit H to this Answer and Counterclaim.

71.     On or about August 7, 2018, counsel for the Trustee sent the Trustee Response Letter attached as Exhibit I to counsel for Hildene Capital Management, LLC, with a copy to counsel for the Issuer and the Co-Issuer, noting that the Trustee was entitled to rely on the Issuer's Order directing the Trustee to establish the Reserve and that such direction did not appear on its face inconsistent with the Indenture.

72.     A dispute has arisen between and among the Issuer, KBW, and Plaintiffs as to the interpretation of the Indenture and disposition of amounts in the Reserve.

73.     The Issuer claims that the Trustee must, pursuant to the Issuer Order, maintain the Reserve as directed by the Issuer pending final resolution of the relevant claims by KBW.

74.     KBW claims that the Trustee must, pursuant to the KBW Demand Letter, maintain for KBW at least $14,886,379.80 (an amount now included in the Reserve) pending final resolution of the relevant claims by KBW.

75.     Plaintiffs claim that the Trustee must release the Reserve and distribute its funds according to the Priority of Payments in the Indenture without regard to the KBW Demand Letter or the Issuer Order.

The Parties

76.     The Trustee is a banking corporation organized under the laws of the State of New York with its principal place of business at 101 Barclay Street, New York, New York.

77.     Upon information and belief, Plaintiffs are a limited liability company organized under the laws of the Cayman Islands, an individual citizen of the territory of the Virgin Islands of the United States, an individual citizen of the State of Connecticut, and a limited liability company organized under the laws of the State of Texas.

78.     Plaintiffs are sued as claimants pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, they are Holders or Beneficial Owners (or the trustees of such a Holder or Beneficial Owner) of certain Income Notes and therefore have an interest in the Reserve.

79.     Upon information and belief, Anchorage Capital Master Offshore Ltd. is a limited liability company organized under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

80.     Anchorage Capital Master Offshore Ltd. is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

81.     Upon information and belief, Apeiron Securities and Investments LLP is a limited liability partnership organized under the laws of England and Wales with its principal place of business in England.

82.     Apeiron Securities and Investments LLP is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

83.     Upon information and belief, Apex Clearing Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York.

84.     Apex Clearing Corporation is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

85.     Upon information and belief, Band & Co. is a domestic corporation with its principal place of business in the State of Wisconsin.

86.     Band & Co. is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

87.     Upon information and belief, Becker & Co. is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

88.     Becker & Co. is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon

information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

89.    Upon information and belief, Robert Brooks is a citizen of the State of New York.

90.    Robert Brooks is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, he is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

91.    Upon information and belief, Commerzbank AG London Branch is a company organized under the laws of Germany with its principal place of business in Germany.

92.    Commerzbank AG London Branch is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

93.    Upon information and belief, Dennis Nardoni is a trustee of the Dennis Nardoni and Claire Nardoni Joint Trust with Right of Survivorship (the "Nardoni Trust") and a citizen of the State of Illinois.

94.    Dennis Nardoni is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim solely as trustee of the Nardoni Trust as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, the Nardoni Trust is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

95.    Upon information and belief, Claire Nardoni is a trustee of the Nardoni Trust and a citizen of the State of Illinois.

96.     Claire Nardoni is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim solely as trustee of the Nardoni Trust as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, the Nardoni Trust is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

97.     Upon information and belief, Ell & Co. is a domestic corporation with its principal place in the State of Illinois.

98.     Ell & Co. is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve

99.     Upon information and belief, Embassy & Co. is a domestic corporation with its principal place of business in the State of Wisconsin.

100.     Embassy & Co. is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

101.     Upon information and belief, Maxwell W. Freeman is a citizen of the State of California.

102.     Maxwell W. Freeman is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, he is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

103.    Upon information and belief, Gwen L. Gans is a trustee of the Gans Trust dated March 11, 1999 (the "Gans Trust") and a citizen of the State of California.

104.    Gwen L. Gans is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim solely as the trustee for the Gans Trust as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, the Gans Trust is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

105.    Upon information and belief, Martin S. Gans is a trustee of the Gans Trust and a citizen of the State of California.

106.    Martin S. Gans is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim solely as the trustee for the Gans Trust as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, the Gans Trust is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

107.    Upon information and belief, the Warren R. Gerleit Individual Retirement Account is an account for the benefit of Warren R. Gerleit, a citizen of the State of New Jersey.

108.    The Warren R. Gerleit Individual Retirement Account is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

109.    Upon information and belief, the Thomas C. Gregor Individual Retirement Account is an account for the benefit of Thomas C. Gregor, a citizen of the State of New Jersey.

110.    The Thomas C. Gregor Individual Retirement Account is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to

28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

111.    Upon information and belief, the Richard H. Hein Individual Retirement Account is an account for the benefit of Richard H. Hein, a citizen of the State of Illinois.

112.    The Richard H. Hein Individual Retirement Account is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

113.    Upon information and belief, Ed Hjerpe is a citizen of the State of Rhode Island and Providence Plantations.

114.    Ed Hjerpe is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, he is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

115.    Upon information and belief, the R. Davis Howe Roth Individual Retirement Account is an account for the benefit of Richard Davis Howe, a citizen of the State of Tennessee.

116.    The R. Davis Howe Roth Individual Retirement Account is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

117.    Upon information and belief, Imagine Insurance Company Limited is a corporation organized under the laws of Barbados with its principal place of business in Barbados.

118.    Imagine Insurance Company is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

119.    Upon information and belief, INVG Mortgage Securities Corp. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.

120.    INVG Mortgage Securities Corp. is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve

121.    Upon information and belief, Edwin L. Klett, now deceased, was a citizen of the Commonwealth of Pennsylvania.

122.    The Estate of Edwin L. Klett is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

123.    Upon information and belief, the David Lachtman Individual Retirement Account is an account for the benefit of David Lachtman, a citizen of the State of California.

124.    The David Lachtman Individual Retirement Account is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

125.    Upon information and belief, the Gilbert MacQuarrie III Individual Retirement Account is an account for the benefit of Gilbert J. MacQuarrie III, a citizen of the State of California.

126.    The Gilbert MacQuarrie III Individual Retirement Account is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

127.    Upon information and belief, Meyrin Investors Limited is a limited liability company organized under laws of the Cayman Islands with its principal place of business in the Cayman Islands.

128.    Meyrin Investors Limited is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

129.    Upon information and belief, Jessica May Paul is a citizen of the State of California.

130.    Jessica May Paul is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon

information and belief, she is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

131.    Upon information and belief, Paul W. Perkins is a citizen of the State of New York.

132.    Paul W. Perkins is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, he is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

133.    Upon information and belief, Pershing LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

134.    Pershing LLC is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

135.    Upon information and belief, Perspective Holdings, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

136.    Perspective Holdings, LLC is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

137.    Upon information and belief, Dona M. Root is a citizen of the State of New Jersey.

138.    Dona M. Root is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, she is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

139.    Upon information and belief, Robert F. Stoico is a citizen of the State of Florida.

140.    Robert F. Stoico is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, he is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

141.    Upon information and belief, the Robert F. Stoico/FirstFed Charitable Foundation is a charitable foundation organized under the laws of the State Delaware with its principal place of business in the Commonwealth of Massachusetts.

142.    The Robert F. Stoico/FirstFed Charitable Foundation is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

143.    Upon information and belief, Winifred W. Tart is the trustee of the Stephen M. Tart Jr. Pension Plan and a citizen of the State of Connecticut.

144.    Winifred W. Tart is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim solely as the trustee for the Stephen M. Tart Jr. Pension Plan

as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, the Stephen M. Tart Jr. Pension Plan is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

145.    Upon information and belief, Wolf River Capital Management, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Tennessee.

146.    Wolf River Capital Management, LLC is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the Holder or Beneficial Owner of certain Income Notes and therefore has an interest in the Reserve.

147.    Upon information and belief, KBW is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York.

148.    KBW is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because it has claimed an interest of at least $14,886,379.80 (an amount now included in the Reserve) pursuant to the KBW Demand Letter.

149.    The Issuer is an exempted company with limited liability organized under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

150.    The Issuer is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because it is the Issuer of the Income Notes and, upon information and belief, has an interest in the Reserve.

151.    The Co-Issuer is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Delaware.

152.     The Co-Issuer is sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it has an interest in the Reserve.

153.     Doe Defendants 1 through 100 are persons or entities who, upon information and belief, are Holders or Beneficial Owners of certain Income Notes but of whose names or true identities the Trustee is ignorant.

154.   Doe Defendants 1 through 100 are sought to be joined in, and upon joinder shall be deemed sued in, this counterclaim as claimants pursuant to 28 U.S.C. § 1335(a) because, as Holders or Beneficial Owners of certain Income Notes, they therefore have an interest in the Reserve.

<u>Jurisdiction, Venue, and Service</u>

155.     Subject matter jurisdiction over this action is proper in this Court pursuant to 28 U.S.C. § 1335(a) because the Reserve being maintained by the Trustee at the direction of the Issuer is money in an amount of $500 or more to which two or more of the claimants identified in paragraphs 77 through 154 above (the "Counterclaim Defendants") claim, or may claim, to be entitled in whole or in part, and at least one of such Counterclaim Defendants has citizenship diverse from that of at least one other Counterclaim Defendant.

156.     Pending resolution of this dispute, and subject to any order of this Court, the Trustee is retaining the Reserve in a segregated account earning interest.

157.     If so directed by the Court, the Trustee will deposit such amount of the Reserve with the Clerk of Court as the Court may order, or will provide a bond made payable to the Clerk of the Court in such amount, and with such surety, as this Court may deem proper, the premium of which shall be paid from the Reserve, conditioned only upon compliance by the

Trustee with the future order or judgment of the Court with respect to the subject matter of these controversies.

158.    Personal jurisdiction over the Counterclaim Defendants is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

159.    If any Counterclaim Defendant is not otherwise subject to jurisdiction and process, such Counterclaim Defendant is subject to the jurisdiction and process of this Court pursuant to 28 U.S.C. § 1655 because this action involves enforcement of a claim to property within this District.

160.    Venue is proper in this Court because venue for Plaintiffs' claim is proper in this Court and because, pursuant to 28 U.S.C. § 1397, one or more of the Counterclaim Defendants resides in this District.

FIRST CAUSE OF ACTION

161.    The Trustee repeats and realleges paragraphs 39 through 160 above as if fully set forth below.

162.    According to the differing positions of the Issuer, of KBW, and of Plaintiffs, the Trustee should either retain some or all of the Reserve pending resolution of the claims of KBW for indemnity, or distribute all of the Reserve now, all in some amount greater than $500.

163.    The Trustee has no interest as a claimant in the respective rights of the Issuer, KBW, Plaintiffs, or the other Counterclaim Defendants to the amounts in the Reserve.

164.    The Trustee has no other interest in the amounts in the Reserve except to the extent of Administrative Expenses under the Indenture and (if different) the reasonable fees, costs, and disbursements (including attorneys' fees, costs, and disbursements) with respect to the dispute that is the subject matter of this action, which amounts are, pursuant to Sections

8.4(A)(i), (A)(ix), (B)(i), and (B)(vii) of the Indenture, payable before payment of "all remaining amounts to the Holders of the Income Notes."

165.    The Trustee seeks to have all interested parties interplead their respective rights so that this Court may direct the Trustee as to the proper disposition of the Reserve under the Indenture.

WHEREFORE, the Trustee asks:

A.    That the Court order each of the Counterclaim Defendants not already a party to this action to be made a party to this action to respond to the Complaint and to this Counterclaim, and that the caption be amended accordingly;

B.    That the Court order the Counterclaim Defendants to interplead their respective claims;

C.    That the Court adjudge which among the Counterclaim Defendants are entitled, and in what amounts, to the sum of money in the Reserve;

D.    That the Court permit the Trustee to continue to pay its fees, attorneys' fees, costs and expenses incurred in connection with the matters leading up to and relating to this action on a periodic basis from the Reserve, and otherwise award to the Trustee its costs and attorneys' fees;

E.    That, pending final resolution of this matter, the Court order either (i) that the Trustee not be required to post any bond pursuant to 28 U.S.C. § 1335(a)(2) so long as the Trustee certifies to the Court that it has segregated and will withhold from distribution all amounts in the Reserve, less any amounts payable to the Trustee as provided in Sections 8.4(A)(i), (A)(ix), (B)(i), and (B)(vii) of the Indenture, or (ii) that the Trustee, at its election, (a) deposit such amounts as the Court may have ordered from the Reserve with the Clerk of the

Court, with the Clerk of Court to release from that deposit only such amounts as the Trustee certifies from time to time in writing under oath are due and payable to the Trustee as provided in Sections 8.4(A)(i), (A)(ix), (B)(i), and (B)(vii) of the Indenture, and otherwise to hold all other amounts in such deposit pending final judgment, or (b) provide a bond in an amount and with a surety satisfactory to the Court pursuant to 28 U.S.C. § 1335(a)(2), the premium of which shall be paid from the Reserve;

    F. That the Court discharge the Trustee from any and all liability to any party, person, or entity with respect to the subject matter and sum of money at issue, except as to payment to the persons and entities the Court shall adjudge entitled to the sum of money in the Reserve, conditioned upon the Trustee's continued compliance with the orders and judgment of the Court as described above with respect to the subject matter of this controversy;

    G. That the Court enjoin the Counterclaim Defendants and all claiming through or acting with them, or claiming any rights directly or indirectly under the Indenture, from commencing or prosecuting any separate litigation concerning or relating to the issues in this action, both pending final judgment and after final judgment; and

    H. That the Court grant the Trustee such other and further relief as the Court deems proper.

Dated: October 29, 2018
       New York, New York

                                    Respectfully submitted,

                                    NIXON PEABODY LLP


                          By:       */s/ Christopher Mason*
                                    Christopher M. Mason

                                    Tower 46
                                    55 West 46th Street
                                    New York, New York 10036-4120
                                    Telephone:  212-940-3000
                                    Facsimile:   866-947-2229
                                    cmason@nixonpeabody.com

                                    Attorneys for Defendant-Counterclaimant
                                    The Bank of New York Mellon, solely as
                                    Indenture Trustee