UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                             :

HILDENE OPPORTUNITIES MASTER FUND, LTD., :
BRETT JEFFERSON and JASON SPEAR, as trustees for :
the Hildene Capital Management Pension Plan, and :
MEMBRES, LLC, :
                             :

                          Plaintiffs, :

                  - against -           :    No. 18-cv-08768-NRB

THE BANK OF NEW YORK MELLON,           :    STIPULATION AND (PROPOSED)
                          :    INTERIM DISTRIBUTION ORDER
                    Defendant. :
                          :

---------------------------------------------------------------- X
                             :

THE BANK OF NEW YORK MELLON, :
solely as Indenture Trustee, :
                          :

           Defendant and Counterclaim Plaintiff, :

                  - against -           :

HILDENE OPPORTUNITIES MASTER FUND, LTD., :
BRETT JEFFERSON and JASON SPEAR, as trustees for :
the Hildene Capital Management Pension Plan, :
MEMBRES, LLC, ANCHORAGE CAPITAL MASTER :
OFFSHORE LTD., APEIRON SECURITIES AND :
INVESTMENTS, LLP, APEX CLEARING :
CORPORATION, BAND & CO., BECKER & CO., :
ROBERT BROOKS, COMMERZBANK A.G., LONDON :
BRANCH, ELL & CO., EMBASSY & CO., MAXWELL :
W. FREEMAN, GWEN L. GANS and MARTIN S. :
GANS, as Trustees of the Gans Trust dated March 11, :
1999, WARREN R. GERLEIT INDIVIDUAL :
RETIREMENT ACCOUNT, THOMAS C. GREGOR :
INDIVIDUAL RETIREMENT ACCOUNT, RICHARD :
H. HEIN INDIVIDUAL RETIREMENT ACCOUNT, :
ED HJERPE, R. DAVIS HOWE ROTH INDIVIDUAL :
RETIREMENT ACCOUNT, INVG MORTGAGE :
SECURITIES CORP., KEEFE, BRUYETTE & WOODS, :
INC., ESTATE OF EDWIN L. KLETT, DAVID :
LACHTMAN INDIVIDUAL RETIREMENT ACCOUNT, :

GILBERT MACQUARRIE III INDIVIDUAL          :
RETIREMENT ACCOUNT, MEYRIN INVESTORS       :
LIMITED, CLAIRE NARDONI, JESSICA MAY PAUL, :
PAUL W. PERKINS, PERSHING LLC, PERSPECTIVE :
HOLDINGS, LLC, DONA M. ROOT, ROBERT F.     :
STOICO, ROBERT F. STOICO/FIRST FED         :
CHARITABLE FOUNDATION, WINIFRED W. TART,   :
as Trustee of the Stephen M. Tart Jr. Pension Plan, :
TRISURA INTERNATIONAL INSURANCE LTD.,      :
WOLF RIVER CAPITAL MANAGEMENT, LLC,        :
PREFERRED TERM SECURITIES XIV, LTD.,       :
PREFERRED TERM SECURITIES XIV, INC., and DOES :
1 through 100, Holders or Beneficial Owners of Income :
Notes under the Indenture among Preferred Term :
Securities XIV, Ltd. as Issuer, Preferred Term Securities :
XIV, Inc. as Co-Issuer, and The Bank of New York Mellon :
(formerly The Bank of New York) as Indenture Trustee :
dated as of June 17, 2004,                 :
                                           :
    Plaintiffs, Intervenor, and Counterclaim Defendants. :
                                           :
-------------------------------------------------------------------- X

       IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that:

       WHEREAS, Income Notes held by or for the benefit of certain Counterclaim Defendants in this action were issued under an Indenture dated as of June 17, 2004 (the "Indenture") among Preferred Term Securities XIV, Ltd. as Issuer ("Issuer"), Preferred Term Securities XIV, Inc. as Co-Issuer ("Co-Issuer" and, together with the Issuer, the "Co-Issuers"), and The Bank of New York Mellon (formerly The Bank of New York) as Indenture Trustee (the "Trustee"); and

       WHEREAS, unless otherwise indicated, all capitalized terms in this Stipulation and (Proposed) Order have the meaning given to them in the Indenture, copies of which have been submitted to the Court as exhibits to the Plaintiffs' Complaint and the Trustee's Answer and Counterclaims; and

WHEREAS, on September 14, 2017, Keefe, Bruyette & Woods, Inc. ("KBW") commenced a lawsuit against the Co-Issuers in New York State Supreme Court asserting a claim for indemnity (the "New York State Litigation"); and

WHEREAS, on or about March 20, 2018, following the successful auction and liquidation of the Issuer's collateral securities, the Issuer directed that the Trustee hold back from distributions to Holders of Income Notes amounts that might be necessary to satisfy certain contingent liabilities, including the Co-Issuers' estimated potential liabilities to KBW in the New York State Litigation and to maintain the existence of the Issuer, and place such held back funds in a reserve (the "Reserve") pending resolution of the New York State Litigation, which direction the Trustee honored; and

WHEREAS, on September 25, 2018 Plaintiffs filed this action seeking a declaration with respect to the Reserve; and

WHEREAS, each of the Plaintiffs and Counterclaim Defendants has made claims to amounts in the Reserve either with respect to Income Notes or with respect to expenses and fees under the Indenture; and

WHEREAS, based upon its claim asserted against the Co-Issuers in the New York Litigation, Intervenor and Counterclaim Defendant KBW has asserted rights with respect to amounts in the Reserve; and

WHEREAS, the claims of Plaintiffs, KBW, and the other Counterclaim Defendants to amounts in the Reserve are conflicting in multiple ways; and

WHEREAS, on October 29, 2018, because of the conflicting claims to amounts in the Reserve, the Trustee filed an Answer and Counterclaim to the Complaint in which the

Trustee asserted a counterclaim of statutory interpleader pursuant to 28 U.S.C. §§ 1335(a), 1655, and 2361 against each of the competing claimants to such amounts; and

WHEREAS, on November 1, 2018, the Court granted the Trustee permission to file a motion for joinder; and

WHEREAS, on November 2, 2018, the Trustee filed a motion for joinder seeking to join all claimants to amounts in the Reserve as Counterclaim Defendants in this action; and

WHEREAS, on December 27, 2018, Plaintiffs moved, among other things, to dismiss the Trustee's Counterclaim and for summary judgment; and

WHEREAS, on January 31, 2019 KBW moved to intervene in the action pursuant to Federal Rules of Civil Procedure 19 and 24(a); and

WHEREAS, on February 5, 2019, this Court entered an Order, on the motion of the Trustee and pursuant to Federal Rules of Civil Procedure 13(h), 19(a), and 20(a), and 28 U.S.C. §§ 1335 and 2361, which, among other things, directed the joinder, as Counterclaim Defendants, of all claimants that were not already party to this action, other than KBW; denied Plaintiffs' motion to dismiss, without prejudice; deferred Plaintiffs' motion for summary judgment until further order of the Court; directed the Trustee to provide notice of the action and the Court's Order to all Holders of Income Notes in a manner permitted by the Indenture; directed service on the Counterclaim Defendants; and permitted the Trustee to apply to the Court for an order of substitute service if necessary; and

WHEREAS, on February 10, 2019, counsel for the Co-Issuers accepted service of the Trustee's Counterclaim for interpleader, subject to deferral of the Co-Issuers' respective obligations to answer, to which the Trustee agreed; and

- 4 -

WHEREAS, on February 13, 2019 the Court entered an Order granting the motion of KBW to intervene as a Counterclaim Defendant and denying Plaintiffs' motion for summary judgment, without prejudice; and

WHEREAS, on February 15, 2019, KBW filed an answer to the Trustee's Counterclaim and asserted again a right to funds in the Reserve; and

WHEREAS, on February 28, 2019, the Court entered an Order directing the Trustee to maintain the funds in the Reserve in a separately tracked subaccount (the "Account") and not to "disburse funds from the Account (other than investing or reinvesting such funds to earn interest) without a separate order of the Court (a) directing such disbursement or (b) providing that disbursements may, without further order the Court, be made in the future pursuant to certain prescribed conditions"; and

WHEREAS, on or about March 25, 2019 the Trustee completed its provision of notice of this action and the Court's Order of February 5, 2019 to all Holders of Income Notes in a manner permitted by the Indenture; and

WHEREAS, on the dates reflected in the affidavits of service filed with the Court on March 12, 14, 19, and 27, and April 24, 2019, the Trustee completed service pursuant to the Court's Order of February 5, 2019 on each of the following seven Counterclaim Defendants with respect to the Trustee's Counterclaim for interpleader: Anchorage Capital Master Offshore, Ltd., Robert Brooks, Commerzbank AG London Branch, Warren W. Gerleit Individual Retirement Account, Thomas C. Gregor Individual Retirement Account, Paul W. Perkins, and Winifred W. Tart as trustee of the Stephen M. Tart Jr. Pension Plan; and

WHEREAS, on the dates reflected in the waivers of service filed with the Court, on March 14, 18, 19, 21, 26, and 27, April 9, and May 17, 2019, each of the following 12

Counterclaim Defendants waived service of process with respect to the Trustee's Counterclaim for interpleader: Apeiron Securities and Investments LLP, Band & Co., Gwen L. Gans and Martin S. Gans as Trustees of the Gans Trust dated March 11, 1999, Richard H. Hein Individual Retirement Account, Ed Hjerpe, R. Davis How Roth Individual Retirement Account, Jessica May Paul, Perspective Holdings, LLC, Robert F. Stoico, Robert F. Stoico/First Fed Charitable Trust, and Wolf River Capital Management, LLC; and

WHEREAS, on April 11, May 1 and 6, August 15, and September 4, 2019, this Court entered Orders in which the following five Counterclaim Defendants agreed that they had been validly served with process, or had validly waived such service of process, with respect to the Trustee's Counterclaim for interpleader; that they did not desire to appear further in this action; and that they agreed to be bound by any final judgment of the Court with respect to the subject matter of the Counterclaim and to make no claim now or in the future against the Trustee with respect to the subject matter of this action beyond whatever portion of the current Reserve amount the Court may order paid to each of them: Anchorage Capital Master Offshore Ltd., Ell & Co, David Lachtman Individual Retirement Account, Paul W. Perkins, and Trisura International Insurance Ltd.; and

WHEREAS, on June 26, 2019, the Court entered an Order recognizing the death of former Counterclaim Defendant Dennis Nardoni, permitting amendment of the Trustee's Counterclaim to reflect that his wife, Clair Nardoni, is now the sole beneficial owner and Holder of the Income Note previously held by both of them jointly with right of survivorship, and recognizing Mrs. Nardoni's agreement that she has been validly served with process, or has validly waived such service of process, with respect to the Trustee's Counterclaim for interpleader; that she does not desire to appear further in this action; and that she agrees to be

- 6 -

bound by any final judgment of the Court with respect to the subject matter of the Counterclaim and to make no claim now or in the future against the Trustee with respect to the subject matter of this action beyond whatever portion of the current Reserve amount the Court may order paid to her; and

WHEREAS, on July 7, 2019 the Court entered an Order directing and permitting substitute service as stated in such Order on 11 Counterclaim Defendants with respect to the Trustee's Counterclaim for interpleader: Apex Clearing Corporation, Becker & Co., Ell & Co., Maxwell M. Freeman (incorrectly named as Maxwell W. Freeman), Imagine Insurance Company Limited, INVG Mortgage Securities Corp., Estate of Edwin L. Klett, Gilbert MacQuarrie III Individual Retirement Account, Meyrin Investors Limited, Pershing LLC, and Dona M. Root; and

WHEREAS, in its Order of July 7, 2019, the Court recognized the change in name of Defendant-Counterclaimant Imagine Insurance Company Limited to Trisura International Insurance Ltd. and permitted amendment of the Trustee's Counterclaim to that effect; and

WHEREAS, on the dates reflected in the affidavits of service filed with the Court on August 5, 2019, the Trustee completed service or substitute service pursuant to the Court's Order of July 7, 2019 on each of the following 10 Counterclaim Defendants with respect to the Trustee's Counterclaim for interpleader: Apex Clearing Corporation, Becker & Co., Ell & Co., Maxwell M. Freeman, INVG Mortgage Securities Corp., Estate of Edwin L. Klett, Gilbert MacQuarrie III Individual Retirement Account, Meyrin Investors Limited, Pershing LLC, and Dona M. Root; and

WHEREAS, the Income Notes held at Embassy & Co. are the Income Notes of which Plaintiffs allege to be the beneficial owners or holders, and thus no service is required on Embassy & Co. because Plaintiffs have asserted all rights with respect to such Income Notes; and

WHEREAS, on August 15, 2019, Counterclaim Defendant and Holder of an Income Note Maxwell M. Freeman answered the Trustee's Counterclaim and Cross-Claimed for the same relief as in Plaintiffs' Complaint; and

WHEREAS the time for each of the 39 Counterclaim Defendants, other than KBW, Maxwell M. Freeman, and the Co-Issuers, to answer the Trustee's Counterclaim has expired without answer, or those respective Counterclaim Defendants have stated that they do not desire to appear further in this action, and

WHEREAS, pursuant to a settlement of the New York State Litigation (the "KBW Settlement"), the Co-Issuers and KBW have now resolved the claims between them that concern the Reserve; and

WHEREAS, various taxes, fees, and expenses of the Co-Issuers due and payable under the Indenture, including Indenture Trustee Fees, Indenture Trustee Expenses, and Administrative Expenses of the Co-Issuers, have been unpaid for a year or more; and

WHEREAS, the settlement amount due to KBW is currently due and owing as a liability and Administrative Expense of the Co-Issuers and is senior in priority to the Holders of Income Notes; and

WHEREAS, as a consequence of the size of the Reserve and the amount of the KBW Settlement payment now due, substantial excess funds are available in the Account to

make all payments senior in priority to the Holders of Income Notes and to make a very substantial interim distribution to such Holders; and

WHEREAS, it would be appropriate for an interim distribution to be authorized in sufficient time for the Trustee to make distributions before the end of the current calendar year; and

WHEREAS pending the steps necessary to conclude the liquidation and wind down of PreTSL XIV and the related transactions under and governed by the Indenture, the Co-Issuers are prepared to direct the Trustee to make an interim distribution of $18,700,000.00, out of the $20,734,242.91 the Trustee reports is currently in the Account containing the Reserve; and

WHEREAS, the Trustee estimates that the amounts collectively payable to the Holders from an $18,700,000.00 interim distribution, net of amounts currently due that are senior in priority, including the settlement with KBW, are currently estimated to be approximately $17,100,000.00; and

WHEREAS, following such interim distribution, Plaintiffs, the Trustee, the Co-Issuers, and Maxwell M. Freeman expect to take additional steps to conclude this action, including, if appropriate, a further distribution to Holders of Income Notes; and

WHEREAS, Plaintiffs, the Trustee, the Co-Issuers, KBW, and Maxwell M. Freeman each therefore respectfully request that the Court "so order" this Stipulation and (Proposed) Order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

A.     The Trustee is authorized, as directed by the Co-Issuers, to distribute $18,700,000.00 from the current balance of the Reserve held in the Account, consistent with the

Priority of Payments in Section 8.4 of the Indenture, as modified for purposes of this Order, as follows:

      (i)     First, to pay taxes currently payable by the Co-Issuers, if any;

      (ii)    Second, to pay the Trustee the amount of any due and unpaid Indenture Trustee Fee;

      (iii)   Third, to pay the Trustee the amount of any due and unpaid Indenture Trustee Expenses, including its unpaid legal fees and costs to date;

      (iv)   Fourth, to pay any other due and unpaid liabilities and expenses (including Administrative Expenses but excluding Indenture Trustee Fees and Indenture Trustee Expenses) of the Co-Issuers, including their unpaid legal fees and costs to date and all amounts due and owing to KBW pursuant to the KBW Settlement;

      (v)    Fifth, to pay, no later than December 31, 2019, the remaining balance (approximately $17,100,000.00) to the Holders of the Income Notes by wire transfer, to the extent a Holder has provided wire transfer information to the Trustee, or alternatively, by check to such Holder's address on the register maintained by the Note Registrar under the Indenture, in proportion to the face amounts of their respective Income Notes.

      B.     This Order shall be entered on the PACER docket and the Trustee shall give further notice of it, by distribution as permitted by the Indenture, within 10 days of entry;

      C.     Promptly after completion of the distribution above, the Trustee shall file with the Court a sworn affidavit certifying that it has complied with each of the requirements of this Order, and stating the exact amount distributed to Holders of Income Notes pursuant to paragraph A(v) above, whereupon all claims and demands by KBW against any party to this action with respect to the Reserve (and any other issues in this action) shall be deemed satisfied;

all claims of Holders of Income Notes against any party to this action with respect to the Reserve

(and any other issues in this action) shall be deemed satisfied, except to the extent of amounts

remaining in the Reserve after the distribution ordered above, less future payments having

priority as set forth in the Priority of Payments in Section 8.4 of the Indenture; and Plaintiffs, the

Trustee, the Co-Issuers, and Maxwell M. Freeman shall proceed to determine what additional

steps are needed to conclude this action and release the balance of the Reserve then held in the

Account.

Dated:  December 17, 2019

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____

Rex Lee

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  212-849-7000
Facsimile:  212-849-7100
rexlee@quinnemanuel.com

Attorneys for Plaintiffs

WOLLMUTH MAHER &
DEUTSCH LLP

By: _____
Randall R. Rainer

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
rrainer@wmd-law.com

Attorneys for Defendants and Counterclaim-
Defendants Preferred Term Securities XIV,
Ltd. and Preferred Term Securities XIV, Inc.


EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.

By: _____
Eric P. Heichel

805 Third Avenue
New York, New York 10022
Telephone: (212) 752-1000
Facsimile: (212) 355-4608
eheichel@eisemanlevine.com

Attorneys for Intervenor and Counterclaim-
Defendant Keefe, Bruyette & Woods, Inc.

WOLLMUTH MAHER &
DEUTSCH LLP

By: _____
Randall R. Rainer

500 Fifth Avenue
New York, New York 10110
Telephone:  (212) 382-3300
Facsimile:  (212) 382-0050
rrainer@wmd-law.com

Attorneys for Defendants and Counterclaim-
Defendants Preferred Term Securities XIV,
Ltd. and Preferred Term Securities XIV, Inc.


EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.

By: _____
Eric P. Heichel

805 Third Avenue
New York, New York 10022
Telephone:  (212) 752-1000
Facsimile:  (212) 355-4608
eheichel@eisemanlevine.com

NIXON PEABODY LLP

By: _____
Christopher M. Mason

Tower 46
55 West 46th Street
New York, New York 10036-4120
Telephone:  212-940-3000
Facsimile:   866-947-2229
cmason@nixonpeabody.com

Attorneys for Defendant-Counterclaimant
The Bank of New York Mellon, solely as
Indenture Trustee

MAXWELL M. FREEMAN

By: _____
Maxwell M. Freeman

FREEMAN FIRM
A Professional Law Corporation
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone 209-474-1818
Facsimile:  209-474-1245
mfreeman@freemanfirm.com

For Counterclaim-Defendant Maxwell M.
Freeman, incorrectly named as Maxwell W.
Freeman

SO ORDERED:

_____
U.S.D.J.

- 13 -

NIXON PEABODY LLP

By: _____
Christopher M. Mason

Tower 46
55 West 46th Street
New York, New York 10036-4120
Telephone:  212-940-3000
Facsimile:  866-947-2229
cmason@nixonpeabody.com

Attorneys for Defendant-Counterclaimant
The Bank of New York Mellon, solely as
Indenture Trustee


MAXWELL M. FREEMAN

By: _____
Maxwell M. Freeman

FREEMAN FIRM
A Professional Law Corporation
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone 209-474-1818
Facsimile:  209-474-1245
mfreeman@freemanfirm.com

For Counterclaim-Defendant Maxwell M.
Freeman, incorrectly named as Maxwell W.
Freeman

SO ORDERED:

_____
U.S.D.J.    12/23/19

- 13 -