UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
:
HILDENE OPPORTUNITIES MASTER FUND, LTD., :
BRETT JEFFERSON and JASON SPEAR, as trustees for :
the Hildene Capital Management Pension Plan, and :
MEMBRES, LLC, :
:
                                    Plaintiffs, :
:
        - against - :        No. 18-cv-08768-NRB
:
THE BANK OF NEW YORK MELLON, :        STIPULATION AND (PROPOSED)
:        FINAL DISMISSAL,
                                    Defendant. :        INTERPLEADER, AND
:        DISTRIBUTION ORDER
------------------------------------------------------------------------ X
:
THE BANK OF NEW YORK MELLON, :
solely as Indenture Trustee, :
:
        Defendant and Counterclaim Plaintiff, :
:
        - against - :
:
HILDENE OPPORTUNITIES MASTER FUND, LTD., :
BRETT JEFFERSON and JASON SPEAR, as trustees for :
the Hildene Capital Management Pension Plan, :
MEMBRES, LLC, ANCHORAGE CAPITAL MASTER :
OFFSHORE LTD., APEIRON SECURITIES AND :
INVESTMENTS, LLP, APEX CLEARING :
CORPORATION, BAND & CO., BECKER & CO., :
ROBERT BROOKS, COMMERZBANK A.G., LONDON :
BRANCH, ELL & CO., EMBASSY & CO., MAXWELL :
W. FREEMAN, GWEN L. GANS and MARTIN S. :
GANS, as Trustees of the Gans Trust dated March 11, :
1999, WARREN R. GERLEIT INDIVIDUAL :
RETIREMENT ACCOUNT, THOMAS C. GREGOR :
INDIVIDUAL RETIREMENT ACCOUNT, RICHARD :
H. HEIN INDIVIDUAL RETIREMENT ACCOUNT, :
ED HJERPE, R. DAVIS HOWE ROTH INDIVIDUAL :
RETIREMENT ACCOUNT, INVG MORTGAGE :
SECURITIES CORP., KEEFE, BRUYETTE & WOODS, :
INC., ESTATE OF EDWIN L. KLETT, DAVID :
LACHTMAN INDIVIDUAL RETIREMENT ACCOUNT, :

4831-3540-4213.13

| | |
|---|---|
| GILBERT MACQUARRIE III INDIVIDUAL RETIREMENT ACCOUNT, MEYRIN INVESTORS LIMITED, CLAIRE NARDONI, JESSICA MAY PAUL, PAUL W. PERKINS, PERSHING LLC, PERSPECTIVE HOLDINGS, LLC, DONA M. ROOT, ROBERT F. STOICO, ROBERT F. STOICO/FIRST FED CHARITABLE FOUNDATION, WINIFRED W. TART, as Trustee of the Stephen M. Tart Jr. Pension Plan, TRISURA INTERNATIONAL INSURANCE LTD., WOLF RIVER CAPITAL MANAGEMENT, LLC, PREFERRED TERM SECURITIES XIV, LTD., PREFERRED TERM SECURITIES XIV, INC., and DOES 1 through 100, Holders or Beneficial Owners of Income Notes under the Indenture among Preferred Term Securities XIV, Ltd. as Issuer, Preferred Term Securities XIV, Inc. as Co-Issuer, and The Bank of New York Mellon (formerly The Bank of New York) as Indenture Trustee dated as of June 17, 2004, | : |
| Plaintiffs, Intervenor, and Counterclaim Defendants. | : |

------------------------------------------------------------------ X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that:

WHEREAS, Income Notes held by or for the benefit of certain Counterclaim Defendants in this action were issued under an Indenture dated as of June 17, 2004 (the "Indenture") among Preferred Term Securities XIV, Ltd. as Issuer ("Issuer"), Preferred Term Securities XIV, Inc. as Co-Issuer ("Co-Issuer" and, together with the Issuer, the "Co-Issuers"), and The Bank of New York Mellon (formerly The Bank of New York) as Indenture Trustee (the "Trustee"); and

WHEREAS, unless otherwise indicated, all capitalized terms in this Stipulation and (Proposed) Order have the meaning given to them in the Indenture, copies of which have been submitted to the Court as exhibits to the Plaintiffs' Complaint and the Trustee's Answer and Counterclaims; and

- 2 -

WHEREAS, on September 14, 2017, Keefe, Bruyette & Woods, Inc. ("KBW") commenced a lawsuit against the Co-Issuers in New York State Supreme Court asserting a claim for indemnity (the "New York State Litigation"); and

WHEREAS, on or about March 20, 2018, following the successful auction and liquidation of the Issuer's collateral securities, the Issuer directed that the Trustee hold back from distributions to Holders of Income Notes amounts that might be necessary to satisfy certain contingent liabilities, including the Co-Issuers' estimated potential liabilities to KBW in the New York State Litigation and to maintain the existence of the Issuer, and place such held back funds in a reserve (the "Reserve") pending resolution of the New York State Litigation, which duly-authorized direction the Trustee honored; and

WHEREAS, on September 25, 2018 Plaintiffs filed this action seeking a declaration with respect to the Reserve; and

WHEREAS, each of the Plaintiffs and Counterclaim Defendants has made claims to amounts in the Reserve either with respect to Income Notes or with respect to expenses and fees under the Indenture; and

WHEREAS, based upon its claim asserted against the Co-Issuers in the New York Litigation, Intervenor and Counterclaim Defendant KBW asserted rights with respect to amounts in the Reserve; and

WHEREAS, the claims of Plaintiffs, KBW, and the other Counterclaim Defendants to amounts in the Reserve were conflicting in multiple ways; and

WHEREAS, on October 29, 2018, because of the conflicting claims to amounts in the Reserve, the Trustee filed an Answer and Counterclaim to the Complaint in which the

Trustee asserted a counterclaim of statutory interpleader pursuant to 28 U.S.C. §§ 1335(a), 1655, and 2361 against each of the competing claimants to such amounts; and

WHEREAS, on November 1, 2018, the Court granted the Trustee permission to file a motion for joinder; and

WHEREAS, on November 2, 2018, the Trustee filed a motion for joinder seeking to join all claimants to amounts in the Reserve as Counterclaim Defendants in this action; and

WHEREAS, on December 27, 2018, Plaintiffs moved, among other things, to dismiss the Trustee's Counterclaim and for summary judgment; and

WHEREAS, on January 31, 2019 KBW moved to intervene in the action pursuant to Federal Rules of Civil Procedure 19 and 24(a); and

WHEREAS, on February 5, 2019, this Court entered an Order, on the motion of the Trustee and pursuant to Federal Rules of Civil Procedure 13(h), 19(a), and 20(a), and 28 U.S.C. §§ 1335 and 2361, which, among other things, directed the joinder, as Counterclaim Defendants, of all claimants that were not already party to this action, other than KBW; denied Plaintiffs' motion to dismiss, without prejudice; deferred Plaintiffs' motion for summary judgment until further order of the Court; directed the Trustee to provide notice of the action and the Court's Order to all Holders of Income Notes in a manner permitted by the Indenture; directed service on the Counterclaim Defendants; and permitted the Trustee to apply to the Court for an order of substitute service if necessary; and

WHEREAS, on February 10, 2019, counsel for the Co-Issuers accepted service of the Trustee's Counterclaim for interpleader, subject to deferral of the Co-Issuers' respective obligations to answer, to which the Trustee agreed; and

WHEREAS, on February 13, 2019 the Court entered an Order granting the motion of KBW to intervene as a Counterclaim Defendant and denying Plaintiffs' motion for summary judgment, without prejudice; and

WHEREAS, on February 15, 2019, KBW filed an answer to the Trustee's Counterclaim and asserted again a right to funds in the Reserve; and

WHEREAS, on February 28, 2019, the Court entered an Order directing the Trustee to maintain the funds in the Reserve in a separately tracked subaccount (the "Account") and not to "disburse funds from the Account (other than investing or reinvesting such funds to earn interest) without a separate order of the Court (a) directing such disbursement or (b) providing that disbursements may, without further order the Court, be made in the future pursuant to certain prescribed conditions"; and

WHEREAS, on or about March 25, 2019 the Trustee completed its provision of notice of this action and the Court's Order of February 5, 2019 to all Holders of Income Notes in a manner permitted by the Indenture; and

WHEREAS, on the dates reflected in the affidavits of service filed with the Court on March 12, 14, 19, and 27, and April 24, 2019, the Trustee completed service pursuant to the Court's Order of February 5, 2019 on each of the following seven Counterclaim Defendants with respect to the Trustee's Counterclaim for interpleader: Anchorage Capital Master Offshore, Ltd., Robert Brooks, Commerzbank AG London Branch, Warren W. Gerleit Individual Retirement Account, Thomas C. Gregor Individual Retirement Account, Paul W. Perkins, and Winifred W. Tart as trustee of the Stephen M. Tart Jr. Pension Plan; and

WHEREAS, on the dates reflected in the waivers of service filed with the Court, on March 14, 18, 19, 21, 26, and 27, April 9, and May 17, 2019, each of the following 12

Counterclaim Defendants waived service of process with respect to the Trustee's Counterclaim for interpleader: Apeiron Securities and Investments LLP, Band & Co., Gwen L. Gans and Martin S. Gans as Trustees of the Gans Trust dated March 11, 1999, Richard H. Hein Individual Retirement Account, Ed Hjerpe, R. Davis How Roth Individual Retirement Account, Jessica May Paul, Perspective Holdings, LLC, Robert F. Stoico, Robert F. Stoico/First Fed Charitable Trust, and Wolf River Capital Management, LLC; and

WHEREAS, on April 11, May 1 and 6, August 15, and September 4, 2019, this Court entered Orders in which the following five Counterclaim Defendants agreed that they had been validly served with process, or had validly waived such service of process, with respect to the Trustee's Counterclaim for interpleader; that they did not desire to appear further in this action; and that they agreed to be bound by any final judgment of the Court with respect to the subject matter of the Counterclaim and to make no claim now or in the future against the Trustee with respect to the subject matter of this action beyond whatever portion of the current Reserve amount the Court may order paid to each of them: Anchorage Capital Master Offshore Ltd., Ell & Co, David Lachtman Individual Retirement Account, Paul W. Perkins, and Trisura International Insurance Ltd.; and

WHEREAS, on June 26, 2019, the Court entered an Order recognizing the death of former Counterclaim Defendant Dennis Nardoni, permitting amendment of the Trustee's Counterclaim to reflect that his wife, Clair Nardoni, is now the sole beneficial owner and Holder of the Income Note previously held by both of them jointly with right of survivorship, and recognizing Mrs. Nardoni's agreement that she had been validly served with process, or had validly waived such service of process, with respect to the Trustee's Counterclaim for interpleader; that she did not desire to appear further in this action; and that she agreed to be

bound by any final judgment of the Court with respect to the subject matter of the Counterclaim and to make no claim now or in the future against the Trustee with respect to the subject matter of this action beyond whatever portion of the current Reserve amount the Court may order paid to her; and

WHEREAS, on July 7, 2019 the Court entered an Order directing and permitting substitute service as stated in such Order on 11 Counterclaim Defendants with respect to the Trustee's Counterclaim for interpleader: Apex Clearing Corporation, Becker & Co., Ell & Co., Maxwell M. Freeman (incorrectly named as Maxwell W. Freeman), Imagine Insurance Company Limited, INVG Mortgage Securities Corp., Estate of Edwin L. Klett, Gilbert MacQuarrie III Individual Retirement Account, Meyrin Investors Limited, Pershing LLC, and Dona M. Root; and

WHEREAS, in its Order of July 7, 2019, the Court recognized the change in name of Defendant-Counterclaimant Imagine Insurance Company Limited to Trisura International Insurance Ltd. and permitted amendment of the Trustee's Counterclaim to that effect; and

WHEREAS, on the dates reflected in the affidavits of service filed with the Court on August 5, 2019, the Trustee completed service or substitute service pursuant to the Court's Order of July 7, 2019 on each of the following 10 Counterclaim Defendants with respect to the Trustee's Counterclaim for interpleader: Apex Clearing Corporation, Becker & Co., Ell & Co., Maxwell M. Freeman, INVG Mortgage Securities Corp., Estate of Edwin L. Klett, Gilbert MacQuarrie III Individual Retirement Account, Meyrin Investors Limited, Pershing LLC, and Dona M. Root; and

WHEREAS, the Income Notes held at Embassy & Co. are the Income Notes of which Plaintiffs allege to be the beneficial owners or holders, and thus no service was required on Embassy & Co. because Plaintiffs asserted all rights with respect to such Income Notes; and

WHEREAS, on August 15, 2019, Counterclaim Defendant and Holder of an Income Note Maxwell M. Freeman answered the Trustee's Counterclaim and Cross-Claimed for the same relief as in Plaintiffs' Complaint; and

WHEREAS the time for each of the 39 Counterclaim Defendants, other than KBW, Maxwell M. Freeman, and the Co-Issuers, to answer the Trustee's Counterclaim expired without answer, or those respective Counterclaim Defendants stated that they did not desire to appear further in this action, and

WHEREAS, pursuant to a settlement of the New York State Litigation (the "KBW Settlement"), the Co-Issuers and KBW resolved the claims between them that concern the Reserve; and

WHEREAS, on December 23, 2019, this Court "so ordered" a Stipulation and (Proposed) Order previously submitted to it (as signed by the Court, the "Interim Distribution Order") to permit an interim distribution of funds from the Reserve as defined in the Order; and

WHEREAS, in accordance with the Interim Distribution Order, the Trustee has distributed $17,447,054.18 to Holders of Income Notes; and

WHEREAS, after withdrawing funds for the payments to Holders of Income Notes and the payments of the other amounts as specified in the Order (including Co-Issuer and Trustee administrative fees and expenses actually invoiced through November, 2019 and the full KBW settlement amount), $2,034,242.91 remained in the Reserve and was subsequently

reported to Holders of Income Notes as "Holdback Amount for Future Expenses" in the last Payment Date Report provided to such Holders; and

WHEREAS, on January 16, 2020, the Trustee filed a Declaration Concerning Interim Distribution Order confirming such amounts and compliance with the Interim Distribution Order; and

WHEREAS, additional interest is accruing on the amount remaining in the Reserve and various taxes, fees, and expenses of the Co-Issuers due and payable under the Indenture, including Indenture Trustee Fees, Indenture Trustee Expenses, and Administrative Expenses of the Co-Issuers, which were not yet due and payable, or not paid, under the Interim Distribution Order, are now due and payable or will be due and payable upon final liquidation of accounts under the Indenture; and

WHEREAS, pursuant to paragraph C of the Interim Distribution Order, all claims and demands by KBW against any party to this action with respect to the Reserve (and any other issues in this action) were deemed satisfied; all claims of Holders of Income Notes against any party to this action with respect to the Reserve (and any other issues in this action) were deemed satisfied, except to the extent of amounts remaining in the Reserve after the interim distribution, less future payments having priority as set forth in the Priority of Payments in Section 8.4 of the Indenture; and

WHEREAS, Plaintiffs, the Trustee, the Co-Issuers, and Maxwell M. Freeman have determined that the steps below are those needed to conclude this action and release the balance of the Reserve now held in the Account; and

WHEREAS, Plaintiffs, the Trustee, the Co-Issuers, and Maxwell M. Freeman each therefore respectfully request that the Court "so order" this Stipulation and (Proposed) Final Dismiss, Interpleader, and Distribution Order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

A. The Trustee is authorized, as directed by the Co-Issuers, to distribute the entire remaining balance of the Reserve held in the Account, consistent with the Priority of Payments in Section 8.4 of the Indenture.

B. For purposes of estimation, and subject to final calculations:

(i) The taxes payable by the Co-Issuers, if any, for calendar year 2020, including any estimate of taxes that will be due for such calendar year following liquidation of the Reserve, are currently estimated by the Co-Issuers to be $2,453.66;

(ii) The amount of any due and unpaid Indenture Trustee Fees from November 2019 to the present, including any estimate of such fees that will be due for calendar year 2020 following liquidation of the Reserve, is currently estimated by the Trustee to be $60,000.00;

(iii) The amount of any indemnity and Indenture Trustee Expenses, including unpaid legal fees and costs from November, 2019 to date, and including any estimate for calendar year 2020 following liquidation of the Reserve, is currently estimated by the Trustee to be $397,325.00;

(iv) All other liabilities and expenses (including Administrative Expenses but excluding Indenture Trustee Fees and Indenture Trustee Expenses) of the Co-Issuers, including their unpaid legal fees and costs from January 1, 2020 to date, and including

any estimate of such expenses for calendar year 2020 following liquidation of the Reserve, are currently estimated by the Co-Issuers to be $136,159.15; and

(v) The remaining amount payable to the Holders of the Income Notes, to be divided in proportion to the face amounts of their respective Income Notes and paid to them by wire transfer, to the extent a Holder has provided wire transfer information to the Trustee, or alternatively, by check to such Holder's address on the register maintained by the Note Registrar under the Indenture, is currently estimated to be $1,471,168.00.

C. This Order shall be entered on the PACER docket and the Trustee shall give further notice of it, by distribution as permitted by the Indenture, within 10 days of entry;

D. Promptly after completion of the distribution of notice above, the Trustee shall file with the Court a sworn affidavit certifying that it has complied with each of the requirements of this Order, and stating the exact amount distributed to Holders of Income Notes pursuant to paragraph B(v) above.

E. Upon the filing of the affidavit as provided in paragraph D above:

(i) All claims by Plaintiffs shall be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2);

(ii) All cross-claims by Maxwell M. Freeman shall be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2)

(iii) The Trustee shall be dismissed and discharged from liability pursuant to 28 U.S.C. § 2361 with respect to any claimant as alleged in its counterclaim for interpleader under 28 U.S.C. § 1335;

(iv) All claims to any amounts in the Reserve or under the Indenture in respect of any Income Note shall be deemed satisfied and released by payment of the amounts

ordered above; the Income Notes shall be deemed delivered to the Trustee for cancelation and deemed canceled, surrendered, discharged, and extinguished; and, pursuant to 28 U.S.C. § 2361, all claimants (and any person claiming by, through, or otherwise because of any claimant) shall be permanently enjoined from starting or continuing any action or proceeding in any court or tribunal with respect to such claims;

      (v)      This action shall be dismissed with prejudice; and

      (vi)      Judgment shall be entered by the Clerk with respect to this paragraph E.

Dated: October 21, 2020

                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
Rex Lee

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
rexlee@quinnemanuel.com

Attorneys for Plaintiffs

- 12 -

WOLLMUTH MAHER &
DEUTSCH LLP

By: _____
Randall R. Rainer

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
rrainer@wmd-law.com

Grant E. Buerstetta
BLANK ROME
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5454
Facsimile: (212) 885-5001
gbuerstetta@blankrome.com

Attorneys for Defendants and Counterclaim-Defendants Preferred Term Securities XIV, Ltd. and Preferred Term Securities XIV, Inc.

NIXON PEABODY LLP

By: _____
Christopher M. Mason

Tower 46
55 West 46th Street
New York, New York 10036-4120
Telephone: 212-940-3000
Facsimile: 866-947-2229
cmason@nixonpeabody.com

Attorneys for Defendant-Counterclaimant The Bank of New York Mellon, solely as Indenture Trustee

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
Randall R. Rainer

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
rrainer@wmd-law.com

Grant E. Buerstetta
BLANK ROME
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5454
Facsimile: (212) 885-5001
gbuerstetta@blankrome.com

Attorneys for Defendants and Counterclaim-Defendants Preferred Term Securities XIV, Ltd. and Preferred Term Securities XIV, Inc.

NIXON PEABODY LLP

By: _____/s/_____
Christopher M. Mason

Tower 46
55 West 46th Street
New York, New York 10036-4120
Telephone: 212-940-3000
Facsimile: 866-947-2229
cmason@nixonpeabody.com

Attorneys for Defendant-Counterclaimant The Bank of New York Mellon, solely as Indenture Trustee

- 13 -

MAXWELL M. FREEMAN

By: /s/ Maxwell M. Freeman
Maxwell M. Freeman

FREEMAN FIRM
A Professional Law Corporation
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone 209-474-1818
Facsimile: 209-474-1245
mfreeman@freemanfirm.com

For Counterclaim-Defendant Maxwell M. Freeman, incorrectly named as Maxwell W. Freeman

SO ORDERED:

/s/ Naomi Reice Buchwald
U.S.D.J.

Dated: October 21, 2020
New York, NY

- 14 -